| | |
|---|---|
| ALBERT VALDEZ, | 1:16-cv-01599-GSA-PC |
| Plaintiff, | **SCREENING ORDER** |
| vs. | **ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND** |
| WARDEN OF PVSP, et al., | **(ECF No. 1.)** |
| Defendants. | **THIRTY-DAY DEADLINE FOR PLAINTIFF TO FILE AMENDED COMPLAINT** |
| | **ORDER FOR CLERK TO SEND PLAINTIFF A CIVIL COMPLAINT FORM** |
| | **(Also resolves ECF Nos. 10, 11.)** |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

## I. BACKGROUND

Albert Valdez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. On October 13, 2016, Plaintiff filed the Complaint commencing this action at the United States District Court for the Central District of California. (ECF No. 1.) On October 21, 2016, Plaintiff's case was transferred to this court.

On October 31, 2016, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 9.)

Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

Plaintiff's Complaint is now before the court for screening.

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. SUMMARY OF COMPLAINT

Plaintiff is presently incarcerated at Mule Creek State Prison in Ione, California. The events at issue in the Complaint allegedly occurred at Pleasant Valley State Prison (PVSP) in

Coalinga, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation. Plaintiff names as defendants the Warden of PVSP; D. Fernandez (Health Care Appeals Coordinator); Dr. Marlyn Conanan; S. Navarro (Health Care Appeals Coordinator); S. Walters (Health Care Appeals Coordinator); Dr. A. Delasierra; Dr. J. Chokatos; and California Correctional Health Care Services (CCHCS) (cumulatively, "Defendants").

Plaintiff's allegations follow. On October 23, 2015, Plaintiff was playing handball when he heard a popping sound and felt extreme pain in his ankle. That day, Plaintiff was seen by prison medical staff and an x-ray was ordered. On October 29, 2015, while in excruciating pain, Plaintiff filed a 602 institutional appeal in an effort to receive medical treatment. Defendants did nothing. On November 27, 2015, Plaintiff again filed a 602 appeal.

On December 7, 2015, an MRI was performed, revealing an almost complete tear of Plaintiff's Achilles tendon. Plaintiff suffered in excruciating pain needlessly for 65 days because Defendants were incompetent and simply did not care how much pain Plaintiff suffered or whether Plaintiff would ever walk free of severe pain again. Plaintiff was supplied with faulty crutches by Defendants, causing further injury and severe pain.

Defendants knew that Plaintiff's pain level was severe and unbearable, not only because Plaintiff described his pain level as "10," but because Defendants are health care professionals that are trained in the medical field. Their acts and omissions had life-altering consequences for Plaintiff.

Defendant CCHCS acted with deliberate indifference to Plaintiff's medical care, with malicious and sadistic intent. Defendant Acting Warden of PVSP created an environment in which Defendants were allowed to abuse inmates under his direct control. Defendant Fernandez misrepresented Plaintiff's rights and Defendants' responsibility while adjudicating an appeal which resulted in delayed medical services to Plaintiff who now faces a life of severe pain and extreme mobility limitations. Defendant Dr. Conanan changed an outside-of-institution doctor's prescription to a generic Acetaminophen/Codeine; this violated Defendant's canons and subjected Plaintiff to further severe pain due to the ineffectiveness of

Tylenol/Codeine compared to the correct prescription of Morphine that Dignity Health had prescribed after surgery. Defendants Navarro and Walters were responsible for the coordination of Plaintiff's appeals. Defendant Dr. Delasierra refused to adhere to the management medication prescribed by Plaintiff's surgeon at Dignity Health, which resulted in Plaintiff suffering extreme post-surgery pain. Defendant Dr. J. Chokatos ignored his duty to follow the surgeon's post-surgery prescriptions, which resulted in Plaintiff suffering severe pain.

Plaintiff suffered injuries in the form of severe pain and suffering, emotional distress, and mental stress, and other injuries. Plaintiff requests monetary damages, a declaratory judgment, costs of suit, and attorney fees.

### IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir.

2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. **Supervisory Liability**

Plaintiff has named as defendant the Warden of PVSP, who holds a supervisory position. Plaintiff is advised that "[l]iability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. Liability may not be imposed under a theory of *respondeat superior*, and there must exist some causal connection between the conduct of each named defendant and the violation at issue. Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75(9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676; Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Therefore, to the extent that Plaintiff seeks to impose liability upon any of the Defendants in their supervisory capacity, Plaintiff fails to state a claim.

*///*

### B. CCHCS - Eleventh Amendment Immunity

Plaintiff names California Correctional Health Care Services (CCHCS) as a defendant. Plaintiff is advised that he may not sustain an action against a state agency. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (internal citations omitted); see also Tennessee v. Lane, 541 U.S. 509, 517 (2004); Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267-68 (1997); Clark v. California, 123 F.3d 1267, 1269 (9th Cir. 1997). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Beentjes v. Placer Cnty. Air Pollution Control Dist., 397 F.3d 775, 777 (9th Cir. 2005); Savage v. Glendale Union High Sch., 343 F.3d 1036, 1040 (9th Cir. 2003); see also Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (stating that Board of Corrections is agency entitled to immunity); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity). Because CCHCS is a state agency, it is entitled to Eleventh Amendment immunity from suit. Therefore, Plaintiff fails to state a claim against defendant CCHCS.

### C. Appeals Process

Plaintiff's allegations against defendants Fernandez, Navarro, and Walters pertain to their review and handling of Plaintiff's inmate appeals. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id.

///

"[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure), (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) accord Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing a prisoner's administrative appeal generally cannot serve as the basis for liability in a section 1983 action. Buckley, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir. 2005) accord George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir. 1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir. 1996); Haney v. Htay, No. 1:16-CV-00310-AWI-SKO-PC, 2017 WL 698318, at *4–5 (E.D. Cal. Feb. 21, 2017).

Thus, Plaintiff's allegations that defendants Fernandez, Navarro, and Walters failed to properly process Plaintiff's appeals fails to state a cognizable claim.

### D. Eighth Amendment Medical Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to

the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Plaintiff alleges that defendants Dr. Conanan, Dr. Delasierra, Dr. Chokatos refused to follow the prescription medication recommendations of his outside-of-institution doctor and instead used generic pain medications.

Plaintiff has demonstrated that he had serious medical needs because he suffered excruciating pain to his ankle after an incident while playing handball. However, Plaintiff has not shown deliberate indifference by Defendants. Plaintiff has not alleged facts from which the court can infer that any of the Defendants were aware of a substantial risk of serious harm to Plaintiff's health and consciously and unreasonably disregarded the risk, causing him harm. Nor has Plaintiff shown that the course of treatment the doctors chose was medically unacceptable under the circumstances and that they chose this course of treatment in conscious disregard of an excessive risk to Plaintiff's health. At most, Plaintiff alleges a difference of opinion between Plaintiff and prison medical authorities regarding treatment, which does not give rise to a § 1983 claim. Therefore, Plaintiff fails to state an Eighth Amendment medical claim against any of the Defendants.

### E. Claims for Declaratory Relief and Attorney's Fees

In addition to money damages, Plaintiff seeks declaratory relief and attorney's fees. With regard to attorney's fees, "In any action or proceeding to enforce a provision of section[] 1983 . . . , the court, in its discretion, may allow the prevailing party . . . reasonable attorney's fees . . . . " 42 U.S.C. § 1988(b). Plaintiff is representing himself in this action. Because Plaintiff is not represented by an attorney, he is not entitled to recover attorney's fees if he prevails. Gonzales v. Kangas, 814 F.2d 1411, 1412 (9th Cir. 1987).

Plaintiff is not entitled to declaratory relief in this case because it is subsumed by Plaintiff's damages claim. See Rhodes v. Robinson, 408 F.3d 559, 565-66 n.8 (9th Cir. 2005) (because claim for damages entails determination of whether officers' alleged conduct violated plaintiff's rights, the separate request for declaratory relief is subsumed by damages action); see also Fitzpatrick v. Gates, No. CV 00-4191-GAF (AJWx), 2001 WL 630534, at *5 (C.D. Cal. Apr. 18, 2001) ("Where a plaintiff seeks damages or relief for an alleged constitutional injury that has already occurred declaratory relief generally is inappropriate[.]")

## V. CONCLUSION AND ORDER

The court finds that Plaintiff's Complaint fails to state any claim upon which relief may be granted under § 1983. The court will dismiss the Complaint for failure to state a claim and give Plaintiff leave to file an amended complaint addressing the issues described above.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Accordingly, the court will provide Plaintiff an opportunity to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file the First Amended Complaint within thirty days.

The First Amended Complaint must allege facts showing what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights by their actions. Id. at 676-77 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George, 507 F.3d at 607 (no "buckshot" complaints). Plaintiff is not granted leave to add allegations of events occurring after the date he filed the Complaint, October 13, 2016.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey, 693 F 3d. at 907 n.1, and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's Complaint is dismissed for failure to state a claim, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Plaintiff is granted leave to file a First Amended Complaint curing the deficiencies identified by the court in this order, within **thirty (30) days** from the date of service of this order;

4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:16-cv-01599-GSA-PC; and

5. If Plaintiff fails to file a First Amended Complaint within thirty days, this case shall be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **August 26, 2017**     **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE