| | |
|---|---|
| ALBERT VALDEZ,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>WARDEN OF PVSP, et al.,<br><br>　　　　　Defendants. | 1:16-cv-01599-DAD-GSA-PC<br><br>**<u>SECOND SCREENING ORDER</u>**<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND<br>(ECF No. 15.)**<br><br>**THIRTY-DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT** |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

**I.　　BACKGROUND**

　　Albert Valdez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On October 13, 2016, Plaintiff filed the Complaint commencing this action at the United States District Court for the Central District of California. (ECF No. 1.) On October 21, 2016, Plaintiff's case was transferred to this court.

　　The court screened the Complaint pursuant to 28 U.S.C. § 1915A and issued an order on August 28, 2017, dismissing the Complaint for failure to state a claim, with leave to amend. (ECF No. 12.) On October 25, 2017, Plaintiff filed the First Amended Complaint, which is now before the court for screening. (ECF No. 15.)

1

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at Mule Creek State Prison in Ione, California. The events at issue in the First Amended Complaint allegedly occurred at Pleasant Valley State Prison in Coalinga, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation. Plaintiff names as defendants Dr. A. Delasierra, Dr. J. Chokatos, and Dr. Marlyn Conanan (collectively "Defendants"). Plaintiff's allegations follow.

On October 23, 2015, Plaintiff was playing handball when he heard a popping sound and felt extreme pain in his ankle. That day, Plaintiff was seen by prison medical staff and an x-ray was scheduled. The x-ray, which was scheduled for "ASAP" was not given until days later, and Plaintiff needlessly suffered extreme pain. (ECF No. 15 at 8 ¶7.) Plaintiff informed medical staff that his pain level was "10," but days went by without medical care or prescription pain medication. (Id.)

Plaintiff filed multiple 602 medical appeals. Defendant Dr. A. Delasierra deliberately delayed medical care to Plaintiff by ignoring Plaintiff's constant medical requests through the medical appeal process, which resulted in unnecessary pain and suffering.

On December 7, 2015, an MRI revealed that Plaintiff's Achilles tendon was nearly torn in half. It was "opined" that the delay of sixty five days before Plaintiff received medical care was the proximate cause for the deterioration of Plaintiff's injury. (Id. at 9 ¶7.) Defendants were aware of the MRI results and provided Plaintiff with crutches that were broken, causing Plaintiff to fall to the ground further injuring his torn Achilles tendon. Plaintiff informed Defendants of his fall, the resulting injury, and the broken crutches. Defendants ignored Plaintiff's pleas for replacement crutches, which Plaintiff needed so he would not have to hop on one foot while his torn Achilles tendon stretched under the weight of a dangling foot.

Finally, medical staff decided that Plaintiff needed surgery. Plaintiff was transported to an outside facility, Dignity Health, almost three months after his injury, during which time Plaintiff suffered excruciating pain. After surgery, Dignity Health doctors prescribed morphine for post-surgery pain. The surgery was major surgery, not an outpatient procedure, and morphine was the correct and necessary pain medication. Defendants disregarded the Dignity Health physicians' prescription for morphine and prescribed Tylenol with Codeine, which had no effect on Plaintiff's post-surgery pain. Plaintiff pleaded for pain medication that actually worked, but Defendants ignored Plaintiff's pleas. Plaintiff would just have to bear with the pain. Plaintiff's injury could take several weeks and even months to heal.

Plaintiff requests monetary damages.

///

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause."

Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. Personal Participation by Each Defendant

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676-77.

In the First Amended Complaint, Plaintiff fails to allege facts showing that defendants Chokatos and Conanan personally acted against him. Plaintiff fails to attribute any personal act to either of them. Plaintiff refers to "Defendants" throughout the First Amended Complaint and alleges that "Defendants" collectively knew about his MRI results, provided broken crutches, ignored his pleas for unbroken crutches, and failed to prescribe appropriate pain medication after surgery. Plaintiff cannot state a claim against defendant Chokatos and Conanan unless he demonstrates in his allegations that each of them, identified by name, personally acted or failed to act, violating Plaintiff's rights.

Plaintiff shall be granted another opportunity to amend the complaint, to cure this deficiency. To state a medical claim against a defendant, Plaintiff must name the defendant and allege facts showing what that individual defendant did or failed to do. Plaintiff must allege personal acts by each defendant, showing that each defendant knew (and how they knew) that Plaintiff faced a substantial risk of serious harm but nevertheless acted unreasonably, consciously and deliberately failing to appropriately respond to Plaintiff's risk of harm, and causing Plaintiff harm. Plaintiff has not done so and therefore fails to state a medical claim against any of the Defendants.

Plaintiff shall be granted leave to file a Second Amended Complaint addressing these issues. The court shall set forth legal standards in the following paragraphs that appear to pertain to Plaintiff's claims. Plaintiff is advised to review the legal standards before deciding which claims to bring in the Second Amended Complaint.

///

## B. Eighth Amendment Medical Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. at 1060. "[E]ven gross negligence is

///

insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

### C. Appeals Process – Due Process – Fourteenth Amendment

Plaintiff's allegations against defendant Dr. Delasierra pertain to the review and handling of Plaintiff's Form 602 medical appeals. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id.

"[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure), (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) accord Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing a prisoner's administrative appeal generally cannot serve as the basis for liability in a section 1983 action. Buckley, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir. 2005) accord George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir. 1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir. 1996); Haney v. Htay, No. 1:16-CV-00310-AWI-SKO-PC, 2017 WL 698318, at *4–5 (E.D. Cal. Feb. 21, 2017).

## V. CONCLUSION AND ORDER

The court finds that Plaintiff's First Amended Complaint fails to state any claim upon which relief may be granted under § 1983. The court will dismiss the First Amended Complaint for failure to state a claim and give Plaintiff leave to file a Second Amended Complaint addressing the issues described above.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Accordingly, the court will provide Plaintiff an opportunity to file a Second Amended Complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file the Second Amended Complaint within thirty days.

The Second Amended Complaint must allege facts showing what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights by their actions. Id. at 676-77 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George, 507 F.3d at 607 (no "buckshot" complaints). Plaintiff is not granted leave to add allegations of events occurring after the date he filed the original Complaint, October 13, 2016.

8

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey, 693 F 3d. at 907 n.1, and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's First Amended Complaint is dismissed for failure to state a claim, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Plaintiff is granted leave to file a Second Amended Complaint curing the deficiencies identified by the court in this order, within **thirty (30) days** from the date of service of this order;
4. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:16-cv-01599-DAD-GSA-PC; and
5. If Plaintiff fails to file a Second Amended Complaint pursuant to this order within thirty days, this case shall be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **February 11, 2018**            **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE